UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| TINA EHRENBERG ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-3406 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is defendant's motion to dismiss plaintiffs' claims for penalties and attorney's fees. The Court grants the motion because plaintiffs have not alleged that defendant acted in an arbitrary and capricious manner.

## I. BACKGROUND

This case arises from a fire on February 13, 2016.[1] Plaintiffs Tina and Harold Ehrenberg allege that the fire caused serious damage to their home and property.[2] Plaintiffs allege that they held a homeowner's insurance policy with defendant State Farm Fire and Casualty Company, and that the policy was in effect at the time of the fire.[3] After the fire, plaintiffs filed a claim with State Farm.[4] According to plaintiffs, the parties reached an

---

[1] R. Doc. 1-2 at 1 ¶ 4.
[2] *Id.*
[3] *Id.* ¶¶ 2-3.
[4] *Id.* ¶ 5.

agreement as to the amount of plaintiffs' claim for immovable property on November 28, 2016.[5] But the parties allegedly have not yet resolved the contents portion of plaintiffs' claim.[6]

On February 9, 2018, plaintiffs filed a petition for damages in Louisiana state court.[7] Plaintiffs seek damages for all allowable amounts, as well as costs and attorney's fees.[8] On March 29, 2018, defendant removed the case to this Court.[9] Defendant then filed a motion to dismiss plaintiffs' demand for punitive damages and attorney's fees.[10] Plaintiffs did not respond to the motion.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a party must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the party pleads facts that allow the court to "draw the reasonable inference

---

| | |
|---|---|
| 5 | *Id.* at 2 ¶ 6. |
| 6 | *Id.* ¶ 7. |
| 7 | R. Doc. 1-2. |
| 8 | *Id.* at 2 ¶ 8. |
| 9 | R. Doc. 1. |
| 10 | R. Doc. 9. |

that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the nonmoving party. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true. *Iqbal*, 556 U.S. at 678. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal relevant evidence of each element of the party's claim. *Lormand*, 565 F.3d at 257. The claim must be dismissed if there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## III. DISCUSSION

Punitive damages are prohibited under Louisiana law unless authorized by statute. *Warren v. Shelter Mut. Ins. Co.*, 233 So. 3d 568, 586 (La. 2017) ("It is well-settled in Louisiana that punitive damages are available

only where authorized by statute."). Two statutes allow plaintiffs to recover punitive damages when insurers arbitrarily or capriciously fail to pay a claim. *See* La. Rev. Stat. §§ 22:1892, 22:1973. Plaintiffs may also recover attorney's fees under Section 1892. La. Rev. Stat. § 22:1892(b)(1). Statutory penalties are not warranted when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense. *Reed v. State Farm Mut. Auto Ins. Co.*, 857 So. 2d 1012, 1021 (La. 2003). The bad faith statutes are penal in nature and must be strictly construed. *Id.* at 1020.

Section 1892 requires that an insurer pay claims or make an offer of settlement within thirty days of receipt of a satisfactory proof of loss. La. Rev. Stat. § 22:1892. In order to recover under Section 1892, a claimant must demonstrate "that (1) an insurer has received satisfactory proof of loss, (2) the insurer fail[ed] to tender payment within thirty days of receipt thereof, and (3) the insurer's failure to pay is arbitrary, capricious or without probable cause." *La. Bag Co., Inc. v. Audubon Indem. Co.*, 999 So. 2d 1104, 1112-13 (La. 2008). The Louisiana Supreme Court has interpreted "arbitrary and capricious" to mean "vexatious" or "unjustified, without reasonable or probable cause or excuse." *Id.* at 1114 (quoting *Reed*, 857 So. 2d at 1021).

Section 1973 requires that insurers adhere to a standard of good faith and fair dealing. La. Rev. Stat. § 22:1973. An insurer breaches its duty of

good faith if it misrepresents pertinent facts, fails to pay a settlement within thirty days, denies coverage without notice or consent, misleads a claimant as to the applicable prescriptive period, fails to pay a claim within sixty days of a satisfactory proof of loss arbitrarily or capriciously, or fails to pay under Section 1893 arbitrarily or capriciously. *Id.* Courts have recognized that "[t]he conduct prohibited by the two sections is 'virtually identical.'" *Hibbets v. Lexington Ins. Co.*, 377 Fed. App'x 352, 355 (5th Cir. 2010) (quoting *Reed*, 857 So. 2d at 1020).

Plaintiffs' complaint contains no allegations that defendant has acted in an arbitrary and capricious manner or violated the requirements of either statute. Plaintiffs merely allege that "the contents portion of this fire claim has not yet been resolved."[11] Indeed, plaintiffs have asserted neither that they filed a valid proof of loss, nor that State Farm failed to pay within the statutorily required timeframe. Plaintiffs also have not filed an opposition to defendant's motion to dismiss their claims for punitive damages and attorney's fees. Accordingly, the Court finds that plaintiffs have failed to state a claim under Sections 1892 or 1973.

---

[11]　R. Doc. 1-2 at 2 ¶ 7.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiffs' claims for punitive damages and attorney's fees is GRANTED. Plaintiffs' claims for punitive damages and attorney's fees are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __3rd__ day of April, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE